IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MERITA HISAI, | ) FILED: JUNE 27, 2008 |
| | ) 08CV3703 |
| Plaintiff, | ) JUDGE LEINENWEBER |
| | ) MAGISTRATE JUDGE MASON |
| vs. | ) EDA |
| | ) |
| NATIONAL ENTERPRISE SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiff Merita Hisai brings this action to secure redress from unlawful credit and collection practices engaged in by defendant National Enterprise Systems, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

### VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331m, 1337, and 1367.

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does business within this District.

## PARTIES

6. Plaintiff Merita Hisai is an individual who resides in Chicago, Illinois.

7. Defendant National Enterprise Systems, Inc. is an Ohio corporation. Its principal place of business is located in Ohio.

8. Defendant does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9. National Enterprise Systems, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. National Enterprise Systems, Inc. is a debt collector as defined in the FDCPA.

11. National Enterprise Systems, Inc. is a collection agency as defined in the Illinois Collection Agency Act.

## FACTS

12. On or about July 10, 2007, National Enterprise Systems, Inc., left the following message for plaintiff Merita Hisai on her voicemail:

> **This message for (sic) Merita Hisai, or Hisay, this is Diana, from National Enterprise Systems, the arbitrating office, you have an account with CitiFinancial here that is being discharged on Monday, July 16, to the local courts for civil suit. You will need to bring your ID.**
>
> **If you do not show up for your court date, we will issue a warrant for your arrest. You have a chance to volunteer a payment in this office, (inaudible) outside of court, at 1-800-925-6134, extension 1898, with Diana and Diana only.**
>
> **Good Day.**

2

13. The message was false, intimidating and harassing, in that:

    a. National Enterprise Systems, Inc., is not an "arbitrating office," but a debt collector.

    b. There was no court date or suit;

    c. No arrest was or could have been authorized.

    d. Defendant had no power to issue or cause the issuance of a warrant.

14. When the message was played, it was heard by plaintiff's two minor daughters, aged 10 and 12.

15. Plaintiff was frightened and disturbed and humiliated by the message.

## COUNT I – FDCPA

16. Plaintiff incorporates paragraphs 1-15.

17. The message violated 15 U.S.C. §§1692c, 1692d, 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f.

18. Section 1692c provides:

> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

19. Section 1692d provides:

> **§ 1692d.   Harassment or abuse [Section 806 of P.L.]**
>
> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . ..**

20. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading**

3

representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . (2) The false representation of--

    (A)    the character, amount, or legal status of any debt; . . .

(3)    The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4)    The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(7)    The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

21.    Section 1692f provides:

**§ 1692f.**    **Unfair practices [Section 808 of P.L.]**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1)    Statutory damages;

    (2)    Actual damages;

    (3)    Attorney's fees, litigation expenses and costs of suit;

    (4)    Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

22.    Plaintiff incorporates paragraphs 1-15.

23.    Defendant is a collection agency as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

24.     Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (11) Threatening to instigate an arrest or criminal prosecution where no basis for a criminal complaint lawfully exists.**

**. . . (16) Using profane, obscene or abusive language in communicating with a debtor, his or her family or others.**

**. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

**. . . (22) Using any form of communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a governmental agency or official or by an attorney at law when it is not.**

**. . . (31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

25.     Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    a.     Compensatory and punitive damages;

    b.     Costs.

    c.     Such other and further relief as is appropriate.


                                        s/Daniel A. Edelman
                                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

s/Daniel A. Edelman
Daniel A. Edelman

T:\21601\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)